IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JACQUELYN P. MATHON,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>TARGET COPORATION,<br><br>　　　　Defendant. | 2:04-CV-0183 DB<br><br>**ORDER AND MEMORANDUM DECISION**<br><br>Judge Dee Benson<br><br>Magistrate Judge Brooke C. Wells |

　　　Before the court are two motions filed by Plaintiff Jacquelyn Mathon. They are a motion to charge Ray Quinney & Nebeker with a conflict of interest;[1] and a motion for assistance with pro-se defense.[2] Plaintiff's counsel withdrew in March 2006 from representing Mathon and unfortunately, she has had difficulty in finding a new attorney to represent her. These motions arise in part from the circumstances surrounding the withdrawal of Plaintiff's counsel. For the reasons outlined below the court DENIES both motions.

　　　Plaintiff argues that Ray Quinney & Nebeker (RQN) should be charged with a conflict of interest because of the situation surrounding her attorney Jeri Allphin. Allphin was hired by Plaintiff to sue Defendant Target Corporation for retaliation, discrimination, and harassment.[3] Allphin currently works as the Director of Alumni Affairs for Utah Valley State College

---

[1] Docket no. 52.
[2] Docket no. 53.
[3] *See* Mtn p. 1.

(UVSC).  As part of the responsibilities in this position Allphin works with the Board of Trustees and Board of Directors "in raising funds for college needs."[4]  An attorney at RQN, Craig Carlile, was allegedly a board member from approximately 2001 to mid 2004.  According to Plaintiff, "Mr. Carlisle is able and may have exerted influence to hinder Mrs. Allphin's legal actions against Target Corporation which the firm or Ray Quinney & Nebeker represents."[5]  In essence, Plaintiff is arguing a RQN lawyer, Mr. Carlile, exerted his influence improperly on Mrs. Allphin leading her to resign from representing Plaintiff.  Thus, Plaintiff requests that the court bar RQN from representing Target and asks that the court dismiss all actions and submissions made in defense of Target by RQN.[6]

In response, Defendant through RQN argues that Plaintiff's motion must be denied because Mathon has failed to present any evidence that RQN engaged in any improper conduct.  In support of this argument Defendant cites to *Chavez v. New Mexico*.[7]  In *Chavez* female state employees brought an employment discrimination action against a state agency and its supervisors.  The district court refused to disqualify Defendants' attorney and the Tenth Circuit affirmed this decision noting the plaintiffs' failure to present any evidence of the alleged conflict of interest.[8]  Accordingly, Defendant argues that the "rank speculation"[9] by Mathon without more is simply not enough to disqualify RQN.

---

[4] *Id.* p. 2.
[5] *Id.*
[6] *See id.*
[7] 397 F.3d 826 (10th Cir. 2005).
[8] *Id.* 397 F.3d at 840.

Next, Defendant argues that Mr. Carlile was never on the Alumni Affairs board for UVSC.  Instead, he served as a member of the UVSC Foundation Board.  This board was separate from the Alumni Affairs board with different responsiblities.  Therefore, there would have been no opportunity to improperly influence Mathon's former counsel.  And finally, Mr. Carlile's term on the Foundation Board "expired five days before Ms. Mathon's counsel was hired by the Alumni Affairs office, and three months prior to the filing of [Plaintiff's] Complaint in this matter."[10]

Finally, Defendant seeks the attorneys fees incurred in responding to Mathon's motion.  Defendant argues that Mathon's motion violates Local Rule 7-1(b)(1), which requires supporting authorities to be filed with a motion.  Additionally, Mathon has failed to cite to any rule, failed to provide any evidence of the conflict, and has provided no further basis for her motion.

The Tenth Circuit stated, "[a] degree of skepticism is in order when one party seeks disqualification of opposing counsel . . . ."[11]  Here, such skepticism is especially appropriate because Plaintiff has failed to offer any evidence in support of its motion.  Moreover, based upon the evidence before the court it is apparent that Mr. Carlile was not in a position to improperly influence Plaintiff's counsel.  Therefore, the court DENIES Plaintiff's motion to charge RQN with a conflict of interest.  The court also DENIES Defendant's motion for attorneys fees because Plaintiff is acting pro se and her conduct to this point does not warrant the imposition of

---

[9] Op. p. 2.
[10] *Id.* p. 3 (citing to the affidavit of Craig Carlile attached as Ex. A).
[11] *Chavez*, 397 F.3d at 840.

sanctions.  The court, however, warns Plaintiff that any future motions of this nature must be supported by more than mere speculation.  Otherwise sanctions may be appropriate.

Plaintiff's motion for assistance with pro se defense asks the court to allow Plaintiff's husband, Philip Mathon, to assist Plaintiff in defending against Target because "[h]e has more speaking skills"[12]  In the alternative, if the court cannot grant this request, Plaintiff seeks the assistance of the court with obtaining counsel.

Defendant opposes this motion for two reasons.  First, federal law provides that Mathon may either represent herself or obtain counsel.  She cannot proceed pro se with a non-attorney representing her.[13]  Second, Mr. Mathon is not an attorney and therefore not permitted to practice law before this court.  Pursuant to Utah law "'a person may not practice law . . . if he . . . is not admitted and licensed to practice law within this state.'"[14]

In response to Defendant's arguments Plaintiff cites primarily to the U.S. Constitution and certain inalienable rights.  "We the People," Plaintiff argues, is a phrase that does not "close the courts to all but licensed attorneys."[15]  Plaintiff goes on to state that she is "deeply perturbed at the erosion of Constitutional Rights and a restriction of the Courts to professional attorneys

---

[12] Mtn. p. 1.

[13] *See* op. p. 1; *see also* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."); DUCivR83-1.1 (requiring attorneys who practice in Utah federal court to fulfill certain requirements).

[14] Op. p. 3 (quoting Utah Code Ann. § 78-9-101(a)(A)).

[15] Rep. p. 3.

only."[16]  There exists a common law right to have a friend act as counsel and state statutes or arbitrary rule making cannot invalidate this right provided by the Constitution, the Declaration of Independence and the Bill of Rights.  Thus, according to Plaintiff, excluding individuals from defending their friends in court is a violation of the right to counsel, due process, and equal protection.

This is a civil action and as a civil litigant Mathon does not have a constitutional right to counsel.[17]  And, up to this point, Mathon has failed to convince the court that there is sufficient merit to her claims for the appointment of counsel.  Therefore, the court cannot find any violation of Mathon's right to counsel.  Further, based on the rules established by Congress-a lawmaking body authorized by the Constitution-the court finds that Mr. Mathon is not permitted to represent Plaintiff in court.  Plaintiff has open access to this court and the court cannot find a violation of due process, equal protection or any other right given to Plaintiff by prohibiting her husband from representing her.  Accordingly, Plaintiff's motion for assistance with pro se defense is DENIED.

DATED this 22nd day of May, 2007.

_Brooke C. Wells_
Brooke C. Wells
United States Magistrate Judge

---

[16] *Id.*
[17] *See Moomchi v. Univ. of N.M.*, 1995 WL 736292, *3 (10th Cir. 1995) (unpublished); *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995); *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989).