_____
### IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF UTAH, CENTRAL DIVISION
_____

| | |
|---|---|
| JACQUELYN P. MATHON,　　　　Plaintiff, vs. TARGET COPORATION,　　　　Defendant. | 2:04-CV-0183 DB  **ORDER AND MEMORANDUM DECISION**  Judge Dee Benson  Magistrate Judge Brooke C. Wells |

Before the court is Plaintiff Jacquelyn Mathon's motion to compel production of documents.[1] After considering the parties' respective memoranda the court finds that Mathon has failed to show good cause for re-opening discovery.[2] Accordingly, the court DENIES Mathon's motion.

In her motion Mathon seeks the following:

1. All time sheets of Plaintiff Jacquelyn Mathon for the years 1996 thru 2004.
2. All Scheduling sheets for the years 1996 thru 2004.
3. Copy of the claimed order of reduction of over 50,000 hours in 2001 by TARGET CORPORATION for store 1754.
4. All copies of pay receipts for the years 1996 thru 2004.
5. Documents of hours assigned to the fitting room and the employee's that worked these hours in the year's 2000-2001-2003-2004, other than Plaintiff MATHON.

---

[1] Docket no. 55.
[2] *See* Fed. R. Civ. P. 16(b) ("A schedule shall not be modified except upon a showing of good cause . . . .").

> 6. A statement from TARGET CORPORATION showing total hours worked for each year of Plaintiff JACQUELYN MATHON'S employment.[3]

Mathon claims these documents are necessary to "disprove the claims made by attorney Janet Hugie Smith"[4] in support of Target. Mathon alleges that Mrs. Smith had accurate hours available from Target but chose to use an unverified calculation of hours. Further, Mrs. Smith's representations are "not only misleading but may also be an issue of ethics."[5] In essence it appears Mathon seeks documents that allegedly verify a reduction in hours suffered by Mathon while working as a part-time employee at Target before retiring in 2004.

In her reply memoranda Mathon states that she is seeking to re-open discovery "so through the accurate portrayal of information and testimony Plaintiff Mathon can show Target Corporations willful and negligent acts of retaliation, age discrimination, harassment and constructive discharge."[6] Finally, in addition to written discovery, Mathon would also like to take depositions.[7]

In opposition, Target argues that Mathon has failed to show good cause for re-opening discovery. The scheduling order in this case, which has been modified several times, provided that discovery closed on January 22, 2006 and set trial for August 2007. According to Target,

---

[3] Pla.'s mtn. p. 1-2.
[4] *Id.* p. 2.
[5] *Id.* p. 3.
[6] Pla. reply p. 3.
[7] *See id.* p. 2.

the evidence that Mathon now seeks is "already in the record"[8] based on her own admission made at oral argument on Target's summary judgment motion.  Target further argues that timely and appropriate responses have already been provided to the discovery requests now sought by Mathon in this motion.  Finally, Target seeks an award of attorneys' fees because Mathon has failed to cite to any rule, supporting authorities or made the required clear statement of the grounds for relief.[9]

Attached to Target's opposition is a transcript from the summary judgment hearing held before Judge Benson on August 11, 2005.  Counsel for Mathon told the court that evidence was submitted which verifies the alleged reduction in hours including W-2s and time sheets.  Target has also attached copies of documents provided to Mathon in discovery.  These include W-2s, hour summaries, personnel file documents, and schedules showing assigned hours for Mathon and her co-workers.

Based on a review of these documents, the court finds that much of the information Mathon now seeks is already part of the record before the court.  Thus, Mathon's current requests are "unreasonably cumulative or duplicative"[10] and may be limited by the court.  The court further finds that Mathon has "had ample opportunity by discovery . . . to obtain the information sought"[11] in this motion.  At summary judgment Plaintiff's counsel represented that the appropriate evidence was submitted to the court.  And, up until this motion filed by Mathon

---

[8] Op. p. 3.
[9] *See* DUCivR 1-2, 7-1(b)(1).
[10] Fed. R. Civ. P. 26(b)(2)(C).
[11] *Id.*

after the close of discovery, there have not been any allegations by Plaintiff that discoverable information important to the case is missing.  Mathon's apparent desire to re-litigate this case at the eleventh hour is inappropriate and not permitted by the rules.  Therefore, for the foregoing reasons Mathon's motion to compel is DENIED.

Finally, the court DENIES Defendant's motion for attorneys' fees.  Mathon is appearing *pro se* and although she must still abide by the rules a certain amount of discretion is allowed for *pro se* plaintiffs.[12]

IT IS SO ORDERED.

DATED this 26th day of June, 2007.

Brooke C. Wells
United States Magistrate Judge

---

[12] *For e.g., see Johnson v. Johnson*, 466 F.3d 1213, 1214 (10th Cir. 2006) (reviewing pleadings and other papers liberally and holding them to a less stringent standard because the plaintiff was appearing *pro se*).