IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH - CENTRAL DIVISION

| | |
|---|---|
| JACQUELYN P. MATHON,<br><br>    Plaintiff,<br><br>vs.<br><br>TARGET CORPORATION,<br><br>    Defendant. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No: 2:04-CV-00183<br>Judge Dee Benson |

Plaintiff Jacquelyn Mathon, proceeding pro se, objects[1] to the magistrate judge's order of May 22, 2007, denying her motions seeking to disqualify opposing counsel owing to an alleged conflict of interest and to permit her husband to represent her. The memorandum supporting her objection, however, consists largely of efforts to discredit her own former attorney. Indeed, Ms. Mathon asserts that her objection "is a formal complaint against Plaintiff's former attorney." Response to Order and Memorandum Decision, Dkt. No. 64, at 2. A district court "may reconsider any pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). In focusing on her former attorney's alleged transgressions, Ms. Mathon has failed to make either showing with regard to the magistrate judge's order and her objection is, accordingly, overruled.

In addition to denying Plaintiff's motions, the magistrate judge also denied Defendant's

---

[1]Plaintiff styled her objection a "Response to Order and Memorandum Decision," but construing her motion with that liberality to which pro se litigants are entitled, it should be characterized as an objection pursuant to Federal Rule of Civil Procedure 72(a) and 28 U.S.C. § 636(b)(1)(a).

motion for sanctions "because Plaintiff is acting pro se and her conduct to this point does not warrant the imposition of sanctions." Order of May 22, 2007, Dkt. No. 62, at 3–4. The magistrate judge warned Plaintiff, however, that the generosity extended to pro se litigants is not boundless: "The court . . . warns Plaintiff that any future motions of this nature must be supported by more than mere speculation. Otherwise sanctions may be appropriate." *Id*. at 4. Defendant asks that this Court now impose sanctions based on Plaintiff's objection. This the Court declines to do. However, the Court will now add this warning to that of the magistrate judge: sanctions will be imposed if Plaintiff continues to force Defendant to answer and the Court to rule on additional motions regarding the quality of her former lawyer's representation. This lawsuit concerns Plaintiff's claims against Target Corporation; the case does not touch on—nor is this Court the proper forum for—a malpractice case or disciplinary proceeding. Plaintiff must proceed to trial—against the named defendant—on the claims remaining to her, and sort out any remaining grievances in proper proceedings in the appropriate fora.

Plaintiff's objection is overruled and Defendant's motion for sanctions is denied.

It is so ordered.

Dated this 10th day of July, 2007.

_____
Dee Benson
United States District Judge